BEFORE THE FIRST DIVISION, DECEMBER 5, 1949

**No. 53775.**—Fidelity Trading Company *v.* United States, petitions 6696–R and 6707–R (New Orleans).

Opinion by OLIVER, C. J.    The petitions were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 5, 1949

**No. 53776.**—Haas Bros. *v.* United States, petition 6732–R (New York).

Opinion by CLINE, J.    From the record it appeared that the merchandise was invoiced and entered at 3 shillings 8 pence per pound and appraised as entered. Thereafter, a collector's appeal was filed and, upon stipulation of counsel, the court found the dutiable export value to be 4 shillings per pound.    At the trial a partner of the petitioner testified that he had the entry made through his broker; that on September 2, upon receiving information from said broker that the entered value might not be the correct dutiable value, he immediately wrote to the shippers of the merchandise, apprising them that they had made an error; and that they replied, enclosing a copy of a letter written to the American consul on September 10, 1947.    The letter, which is among the official papers, states in part: "On account of rapidly increasing costs of production, our selling prices for asbestos yarn have risen from 3/8d to 4/-d per lb."    In order to release the shipment, a corrected consular invoice—also among the official papers—was enclosed for the signature of the American consul.    The examiner testified that the above letter was received by him on October 7, 1947, after action on the entry had been completed.    On the record presented it was held that the petitioner acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.    The petition was therefore granted.

BEFORE THE FIRST DIVISION, DECEMBER 7, 1949

**No. 53777.**—Winthrop-Stearns, Inc. *v.* United States, protest 145723-K (Detroit).

Opinion by COLE, J.    It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).    The claim for free entry under paragraph 1669 was therefore sustained.